UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKSON NATIONAL LIFE
INSURANCE COMPANY                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:14cv766-DPJ-LRA

BARBARA T. RUSSELL REVOCABLE                                                              DEFENDANTS
TRUST, et al.

ORDER

This interpleader action is before the Court on Cross-Plaintiffs' Motion for Default Judgment [22]; Cross-Plaintiffs' Motion to Strike Answer to Cross-Claim [24]; and Cross-Defendant's Motion to Set Aside Clerk's Entry of Default [35]. For the reasons that follow, Cross-Plaintiffs' motions are denied and Cross-Defendant's motion is granted.

I.      Facts and Procedural History

On September 30, 2014, Plaintiff Jackson National Life Insurance Company brought this interpleader action related to a dispute over the proper beneficiary under a life-insurance policy on the life of Barbara T. Russell. Jackson National named as Defendants the following potential claimants to the policy's proceeds: the Barbara T. Russell Revocable Trust; William O. Stone, its Trustee; and Ashley Russell Sheppard, Russell's daughter. Jackson National interpleaded the disputed funds [13] and was dismissed [17]. In the meantime, both Stone and the Trust ("Cross-Plaintiffs") [7] and Sheppard [15] answered the complaint, and on December 8, 2014, Cross-Plaintiffs filed a crossclaim against Sheppard [16].

Sheppard did not timely answer the crossclaim, and Cross-Plaintiffs sought [20] and had entered upon the record [21] Sheppard's default. Thereafter, Cross-Plaintiffs filed their Motion for Default Judgment [22], and Sheppard filed her belated answer to the crossclaim [23]. Cross-

Plaintiffs moved [24] to strike Sheppard's tardy answer, and upon the entry of a Show Cause Order [25], Sheppard responded to the pending motions [26, 27].  Following a series of conferences with the magistrate judge, and after a new attorney appeared on her behalf, Sheppard filed her Motion to Set Aside Clerk's Entry of Default [35].  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Analysis

Whether to enter default judgement under Rule 55(b)(2) rests within the sound discretion of the Court.  *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *see Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).  But "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav.*, 874 F.2d 274, 276 (5th Cir. 1989)).  Default judgments "are 'available only when the adversary process has been halted because of an essentially unresponsive party.'"  *Sun Bank of Ocala*, 874 F.2d at 276 (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). The factors a court should consider in deciding whether to grant a default judgment include:

> whether material issues of fact [exist], whether there has been substantial prejudice, whether the grounds for default are [clear], whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default.

*Lewis*, 236 F.3d at 767.  Finally, Rule 55(c) permits the Court to set aside an entry of default "for good cause."

In this case, there is no question that Sheppard was technically in default for failing to timely answer the crossclaim.  But within one week of Cross-Plaintiffs filing their motion for

default judgment, Sheppard filed an answer that evidences material issues of fact between the parties. And while Sheppard's filings are less than clear as to the justification for her default, the Court concludes that the slight delay will not cause substantial prejudice to Cross-Plaintiffs, whereas a default judgment at this early stage in the litigation would be an unduly harsh result. Stated simply, the purposes behind Rule 55 would not be served by entering default judgment against Sheppard.

III.    Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Cross-Plaintiffs' Motion for Default Judgment [22] and Motion to Strike Answer to Cross-Claim [24] are DENIED; and Cross-Defendant's Motion to Set Aside Clerk's Entry of Default [35] is GRANTED.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE